Appellant was convicted of the offense of manufacturing intoxicating liquor for beverage purposes. The record contains three bills of exception. The first bill was reserved to the overruling of an objection to the introduction of evidence that the defendant had the intoxicating liquor in his possession. In the statement per curiam it is said that the state had already proven that the defendant possessed three stills for manufacturing whisky, and a quantity of mash in a high state of fermentation. *Page 670 
Surely it was permissible for the state to show, as evidence that the defendant had manufactured whisky, that he had some of the manufactured product in his possession. It is said in the bill of exceptions that the court refused to allow the evidence of possession of the liquor to be taken down in writing to be attached to the bill. The judge, in his statement per curiam, says that he allowed all of the testimony relating to the objection to be taken down in writing, but refused to allow all of the testimony in the case, that which was irrelevant as well as that which was relevant to the objection, to be taken down in writing. The testimony relating to the objection is annexed to the bill, and we accept as true the judge's statement that it is complete. The second bill of exceptions was reserved to the judge's refusal to charge or maintain as a proposition of law that evidence of the possession of a still, not in use, and of ingredients for manufacturing intoxicating liquor, and possession of some of the manufactured product, was not sufficient proof to convict the defendant of the offense of manufacturing intoxicating liquor. The judge says in the statement per curiam that there was enough evidence to convince him of the defendant's guilt. We have nothing to do with the question of sufficiency of the evidence. The third bill of exceptions was taken to the overruling of a motion for a new trial. The only complaint in the motion was a repetition that the evidence that the defendant had the ingredients and part of a still in his possession was not sufficient proof that he had manufactured intoxicating liquor. The judge repeats in his statement per curiam that the proof was that the defendant possessed three stills for manufacturing whisky, a quantity of mash in a high state of fermentation, and a small quantity of corn liquor in a jar, which he attempted to get rid of when the officers approached — all of which would perhaps convince us, too, of the defendant's guilt, if it were our province to decide the question.
The conviction and sentence are affirmed. *Page 671